IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DEMETRIUS HOSKINS, ID # 1516533, ) | |
| Plaintiff, ) | |
| vs. ) | No. 3:08-CV-1851-N (BH) |
| ) | ECF |
| ROBERT BURNS, ) | Referred to U.S. Magistrate Judge |
| et al., ) | |
| Defendants. ) | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

### I. BACKGROUND

Plaintiff, a prisoner currently incarcerated in the Texas prison system, brings this action pursuant to 42 U.S.C. § 1983 against Judge Robert Burns; Assistant Public Defender Lisa Thorpe Green; and the Dallas County Sheriff Deptartment. He seeks monetary damages for alleged acts and/or omissions related to time credits to his state sentence. On November 3, 2008, the Court granted plaintiff permission to proceed with this action *in forma pauperis* and sent him a Magistrate Judge's Questionnaire ("MJQ").[1] No process has been issued in this case.

### II. PRELIMINARY SCREENING

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, plaintiff's complaint is subject

---

[1] Plaintiff's answers to the questions posed by the Court constitute an amendment to the filed complaint. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994). In light of such answers, Dallas County Sheriff Dept. is no longer a defendant in this case. (*See* Answer to Question 3 of MJQ.) The Clerk of the Court is directed to terminate that defendant from this action.

to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim that falls under the rule announced in *Heck v. Humphrey*, 512 U.S. 477 (1994) "is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

### III. SECTION 1983

Plaintiff seeks relief under 42 U.S.C. § 1983 against a state judge and his former public defender for alleged acts and/or omissions related to the credit given to his current state sentence of imprisonment. Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). It "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Id.*

## A. *Heck* Bar

Because plaintiff seeks monetary relief for acts/omissions related to the proper crediting of his state sentence of incarceration, *Heck* could bar this action. In *Heck,* the Supreme Court ruled that,

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

512 U.S. at 486-87 (footnote omitted). Thus, courts must consider "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487. When success in a "§ 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." *Muhammad v. Close*, 540 U.S. 749, 751 (2004) (per curiam).

*Heck* applies to claims involving time-credit issues related to the duration of a sentence of incarceration. *See Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997) (holding that procedural due process claim related to the revocation of good-time credits in a prison disciplinary proceeding is not cognizable under § 1983 because success would "necessarily imply" the invalidity of continued imprisonment); *Sheldon v. Hundley*, 83 F.3d 231, 233 (8th Cir. 1996) (holding that *Heck* bars claims of improper time-credit deprivations because such claims necessarily call into question the lawfulness

3

of the inmate's continuing confinement, *i.e.*, it implicates the duration of the inmate's sentence). In view of *Heck*'s applicability to the claims raised in this action, plaintiff must demonstrate that the alleged improper calculation of his sentence has been reversed, invalidated, or expunged prior to bringing this action under § 1983.

Plaintiff has failed to make the requisite showing. To the extent that *Heck* applies and bars claims raised in the instant action, his claims are subject to dismissal as frivolous. *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996). The Court need not determine, however, whether *Heck* bars any claim raised in plaintiff's complaint because the case presents issues that are appropriate for early and final determination. *See Patton v. Jefferson Correctional Ctr.*, 136 F.3d 458, 462 n.6 (5th Cir. 1998) (when an action raises an issue of immunity, the court to the extent it is feasible to do so should determine that issue as early in the proceedings as possible); *Smithback v. Cockrell*, No. 3:01-CV-1658-M, 2002 WL 1268031, at *2 (N.D. Tex. June 3, 2002) (accepting recommendation that "[w]hen a plaintiff seeks relief unavailable under 42 U.S.C. § 1983 or sues individuals or entities who are not proper parties under § 1983, it also seems appropriate to have an early determination of those issues").

## B. Claims Against State Judge

Plaintiff specifically sues Judge Robert Burns for his role in the alleged miscalculation of his time credits. However, the United States Supreme Court has recognized absolute immunity for judges acting in the performance of their judicial duties. *See Nixon v. Fitzgerald*, 457 U.S. 731, 745-46 (1982). Judges are immune from suit for damages resulting from any judicial act unless performed in "the clear absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356-357 (1978). Furthermore, allegations of bad faith or malice do not

4

overcome judicial immunity. *Mireles*, 502 U.S. at 11.

As amended by his answers to the MJQ, plaintiff's complaint reflects that Judge Burns is sued merely for his judicial acts. Plaintiff makes no allegation that Judge Burns acted outside his jurisdiction. Consequently, Judge Burns is absolutely immune to the claims asserted against him, and the Court should dismiss the claims.

## C. Claims Against Public Defender

Plaintiff also sues his former defense attorney. From the filings in this action, however, Ms. Green appears to be a private individual that is not a proper defendant under 42 U.S.C. § 1983. The Supreme Court has clearly held that public defenders are not official state actors when they "perform[] a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). When a public defender "is doing a defense lawyer's primary job", he does "not ac[t] on behalf of the State; he is the State's adversary." *Brentwood Academy v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 303 (2001). Consequently, "[t]he state-action doctrine does not convert opponents into virtual agents." *Id.* at 304. Although in certain circumstances, private parties may be acting "under color of state law" and thus held liable under § 1983, *see Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970); *Wong v. Stripling*, 881 F.2d 200, 202 (5th Cir. 1989), plaintiff makes no allegation to hold Ms. Green liable as a state actor.

Plaintiff has failed to state a viable claim under § 1983 against Defendant Green, and his claims against her should be dismissed.

## IV. RECOMMENDATION

For the foregoing reasons, it is recommended that the District Court summarily **DISMISS** Plaintiff's complaint with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) for the

failure of plaintiff to state a claim upon which relief may be granted and for seeking monetary relief against a defendant who is immune from such relief. The dismissal of this action will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[2]

**SIGNED this 14th day of November, 2008.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on plaintiff by mailing a copy to him. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[2] Section 1915(g), which is commonly known as the "three-strikes" provision, provides:
> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.